NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER HURLEY, <br><br> Plaintiff, <br><br> v. <br><br> J. GONZALES and D. MARSHALL, <br><br> Defendants. | Civil Action No. 20-14748 (RK) (TJB) <br><br> **MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the application of Plaintiff Christopher Hurley ("Plaintiff") to proceed *in forma pauperis*, together with Plaintiff's Complaint against Defendants "J. Gonzales" and "D. Marshall"[1] (collectively, "Defendants"). (ECF Nos. 1, 19.) For the reasons explained below, Plaintiff's application to proceed *in forma pauperis* is **DENIED** and the Complaint is **DISMISSED** without prejudice. Plaintiff will have thirty (30) days to file an amended complaint and submit a renewed application to proceed *in forma pauperis*.

I.  **BACKGROUND**

The following facts are derived from Plaintiff's Complaint and accepted as true only for purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff filed a 12-page Complaint alleging a violation of 42 U.S.C. § 1983 ("Section 1983") against two corrections officers at the Ocean County Jail. (Compl. at 2–3.) Plaintiff alleges generally that Defendants failed to protect him from an assault by two inmates in the "West-E tier" of the jail notwithstanding that

---

[1] Plaintiff fails to include Defendants' full names in the Complaint. ("Compl.," ECF No. 1.) However, he indicates both are corrections officers at the Ocean County Jail and that Defendant Gonzales's shield number is #479. (*Id.* at 2.)

1

he had a "keep separate" order from the "whole tier." (*Id.* at 5.) Defendant Gonzales, who went to retrieve Plaintiff for a virtual court hearing, allegedly "refused" to "lock the whole unit down," telling Plaintiff "'we are not doing that' multiple times." (*Id.* at 7.) Plaintiff subsequently "got jumped and assaulted by two inmates that [he] wasn't supposed to come out around." (*Id.* at 5.) His "head and neck were sore for weeks after" and his "anxiety and PTSD were even worse." (*Id.*) Plaintiff alleges that the Ocean County Jail "offered [him] no medical attention and didn't take [his] matter seriously at all." (*Id.*)

Plaintiff filed an Inmate Grievance Form with the Ocean County Jail the day after the alleged assault took place. (*Id.* at 12.) While Plaintiff appears to have only attached the first page of the Inmate Grievance Form to the Complaint, the form indicates the incident was "under investigation" by Lieutenant Joshua Dickinson, who noted "[a]ll violations of policy and procedure will be handled in an appropriate manner." (*Id.*) Plaintiff did not allege the outcome of that grievance process in the Complaint.

In addition to the Complaint, Plaintiff also filed an application to proceed *in forma pauperis*. ("IFP," ECF No. 19.) The application's Affidavit of Poverty indicated Plaintiff has no income and no assets. (IFP at 2–3.) The Affidavit also included a signed Account Certification by Nina Hagan, the Program Services Director/Accounting Supervisor at Plaintiff's prison, certifying "that the attached trust fund account statement (or institutional equivalent) is a true and correct copy." (*Id.* at 3.) However, there was no trust fund account statement attached to Plaintiff's Affidavit.

II. **LEGAL STANDARD**

Pursuant to 28 U.S.C. § 1915(a), the District Court may authorize a plaintiff to proceed *in forma pauperis* and order a complaint to be filed without requiring the prepayment of filing fees. The statute "is designed to ensure that indigent litigants have meaningful access to the federal

2

courts." *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995) (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). However, to guard against potential "abuse" of "cost-free access to the federal courts," *id.* (citing *Denton v. Hernandez*, 504 U.S. 25, 29 (1992)), section 1915(e) empowers the District Court to dismiss an *in forma pauperis* complaint if it "is frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e).

Thus, the District Court engages in a two-step analysis when considering a complaint filed with an *in forma pauperis* application: "First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). . . . Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e)." *Archie v. Mercer Cnty. Courthouse,* No. 23-3553, 2023 WL 5207833, at *2 (D.N.J. Aug. 14, 2023) (citing *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990)).

### III. **DISCUSSION**

#### A. *In Forma Pauperis* **Application**

In order to proceed *in forma pauperis,* Section 1915(a) requires a Plaintiff to submit "an affidavit stating all income and assets, the plaintiff's inability to pay the filing fee, the 'nature of the action,' and the 'belief that the [plaintiff] is entitled to redress.'" *Martinez v. Harrison*, No. 23-3513, 2023 WL 5237130, at *1 (D.N.J. Aug. 15, 2023) (alteration in original) (quoting 28 U.S.C. § 1915(a)). Prisoners are additionally required to submit "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

The Court finds that Plaintiff's application to proceed *in forma pauperis* is incomplete. While Plaintiff submitted a completed Affidavit detailing his lack of income and assets, he failed to attach a certified copy of his trust fund account statement as required by the statute. (IFP); s*ee, e.g., Novak v. Caldwell*, No. 23-3648, 2023 WL 4523409, at *2 (D.N.J. July 13, 2023) (denying *in forma pauperis* application where prisoner failed to submit certified trust fund account statement covering prior 6-month period); *Dennis v. Artis*, No. 12-7671, 2013 WL 5781475, at *1 n. 1 (D.N.J. Oct. 25, 2013) (noting court initially denied *in forma pauperis* application where prisoner failed to submit certified trust fund account statement). Accordingly, Plaintiff's *in forma pauperis* application is **DENIED** without prejudice.

### B.     Review of Complaint

Even if the Court denies the *in forma pauperis* application, the Court still has discretion to review the merits of an *in forma pauperis* complaint. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (citing 10 James Wm. Moore et al., Moore's Federal Practice § 54.104(1)(a) (3d ed. 2019)). The Court may dismiss any claims that are "(1) . . . frivolous or malicious; (2) fail[] to state a claim upon which relief may be granted; or (3) seek[] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). A court must be mindful to hold a *pro se* plaintiff's complaint to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

A complaint's claims must also be supported by "a short and plain statement . . . showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief

in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)-(3). Although Rule 8's requirements likewise apply "flexibl[y]" to a *pro se* plaintiff, *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013), a plaintiff is "not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

At the outset, the Court finds that Plaintiff's Section 1983 claim against Defendant Marshall does not pass muster under Rule 8(a). The Complaint contains no references to Defendant Marshall beyond his being named as a defendant. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs."). Plaintiff restricts his allegations of wrongdoing to conduct undertaken by Defendant Gonzales. (*See* Compl. at 7, 12.) Thus, the Complaint fails to provide a "short and plain statement" putting Defendant Marshall on notice as to the conduct about which Plaintiff complains.

The Complaint also fails to provide both Defendants with notice as to the relief Plaintiff seeks. *See* Fed.R. Civ. P. 8(a)(3); *Mohamed v. Atl. Cty. Special Servs. Sch. Dist.*, No. 17-3911, 2018 WL 2539064, at *2 (D.N.J. June 4, 2018) (dismissing in part because "the complaint does not include 'a demand for the relief sought' as it must under Rule 8"). At various points throughout the Complaint, Plaintiff writes that the relief he seeks is that he "want[s] to sue both of these officers," (Compl. at 5), that he "demanded the officer be suspended and penalized," (*id.* at 7), and that he "just want[s] justice and to sue for what happened to [him]!![.]" (*id.* at 8.)

However, the Complaint does not make clear what specific relief Plaintiff is seeking. He makes no mention of monetary damages. To the extent Plaintiff seeks injunctive or declaratory relief, those requests would be rendered moot as Plaintiff has informed the Court he has since been transferred out of the Ocean County Jail. (ECF No. 21); *see Sutton v. Rasheed*, 323 F.3d 236, 248 (3d Cir. 2003) (per curiam)

("An inmate's transfer from the facility complained of generally moots the equitable and declaratory claims."); *Mollett v. Leicth,* 511 F. App'x 172, 174 (3d Cir. 2013) (affirming district court's finding that prisoner's request for injunctive and declaratory relief was rendered moot by his prison transfer). This alone mandates dismissal under Rule 8. *See, e.g., Avila v. Dominquez,* 294 F. App'x 748, 749 (3d Cir. 2008) (noting district court initially dismissed complaint where Plaintiff provided "no request for relief"); *Lowe v. Lebanon City Police Dep't.,* No. 23-1711, 2024 WL 1364178, at *4 (M.D. Pa. Feb. 7, 2024), *report and recommendation adopted sub nom. Lowe v. Lebanon City Police Dep't*, No. 23-01711, 2024 WL 1354420 (M.D. Pa. Mar. 29, 2024) ("Rule 8 also calls for the dismissal of complaints . . . which contain no intelligible prayer of relief.").

Furthermore, to the extent the Court can interpret Plaintiff's Complaint as alleging a Fourteenth Amendment due process violation,[2] the Complaint fails to adequately state such a claim. *See* Fed. R. Civ. P. 12(b)(6). To allege a due process violation against a corrections officer in the context of Plaintiff's allegations, Plaintiff must, *inter alia*, allege the officer's conduct amounted to more than "lack of due care"—e.g., something more than mere negligence. *Davidson v. Cannon,* 474 U.S. 344, 348 (1986) ("[T]he protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials.") Besides two conclusory allegations that Defendant Gonzales was "supposed to" lock down the unit for Plaintiff, (Compl. at 5, 7), Plaintiff has failed to include factual allegations that might support an inference of wrongdoing greater than lack of due care on Defendant Gonzales's part. Therefore, Plaintiff fails to state a claim against Defendant Gonzales for which relief can be granted. *See Davidson,* 474 U.S. at 347 ("[W]here a government official is merely negligent in causing the injury, no procedure for compensation is constitutionally required." (citing *Daniels v. Williams,* 474 U.S. 327, 330 (1986))).

---

[2] In response to the question, "[W]hat federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?" Plaintiff wrote, "[M]y right to be protected and to be safe and secure." (Compl. at 3.)

For the reasons outlined above, Plaintiff's Complaint is **DISMISSED** without prejudice. Within thirty (30) days, Plaintiff may refile a corrected *in forma pauperis* application and an amended complaint addressing the deficiencies identified by the Court in this Memorandum Order.

NOT FOR PUBLICATION

        **IT IS** on this 6th of September, 2024, **ORDERED** that:

I.     Plaintiff's application to proceed *in forma pauperis* (ECF No. 19) is **DENIED** without prejudice;

II.     Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice;

III.     The Clerk's Office is directed to **CLOSE** this case;

IV.     Plaintiff may have this case reopened within thirty (30) days of the date of entry of this Order by filing an amended complaint and either pre-paying the $402 filing fee ($350 filing fee plus $52 administrative fee) or submitting a renewed application to proceed *in forma pauperis*;

V.     Upon receipt of an amended complaint and a proper and completed *in forma pauperis* application or filing fee within the time allotted by this Court, the Clerk will be directed to reopen this case; and

VI.     The Clerk shall serve on Plaintiff by regular U.S. mail: (1) this Memorandum Order; and (2) a blank form application to proceed *in forma pauperis*.

                                                                    **ROBERT KIRSCH**
                                                                    **UNITED STATES DISTRICT JUDGE**